**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ERICK JEFFERSON PAVON AVELIAN,<br>Petitioner,<br><br>v.<br><br>LEONARD ODDO, et. al.,<br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 26-1706 |

**OPINION**

Pending before the court is a third petition for habeas corpus filed pro se by petitioner Erick Jefferson Pavon Avelian[1] ("Pavon Avelian") (ECF No. 7). The government filed a response in opposition to the petition (ECF No. 11), and it is ripe for decision. Pavon Avelian also filed a motion for appointment of counsel (ECF No. 10).

Background

In response to Pavon Avelian's first petition, which was filed by counsel at Civil No. 26-59, the court issued an order and judgment on April 15, 2026 (Civil No. 26-59, ECF Nos. 15, 16) which granted the petition in part and ordered that Pavon Avelian receive an individualized bond hearing. Respondents represent that an immigration judge held an individualized bond hearing on April 23, 2026, as ordered by the court. A copy of the decision was provided (ECF No. 5-2). The immigration judge denied bond on the ground that Pavon Avelian was a flight risk. *Id.* Pavon Avelian did not appeal that decision.

[1] Petitioner's prior cases spelled his last name "Avellan."

Pavon Avelian's second petition (Civil No. 26-1365, ECF No. 1) was filed by different counsel. Pavon Avelian, a citizen of Nicaragua, argued in the second petition that his detention has become unduly prolonged because: (1) there is no removal order; (2) an asylum hearing is scheduled for February 2027; and (3) an immigration judge ordered on January 8, 2026, that he be released on bond (although that decision was reversed on March 2, 2026 and he was ordered removed to Ecuador) (ECF No. 1). On August 21, 2026, the court issued an opinion and order denying the second petition (Civil No. 26-1365, ECF Nos. 6, 7). The court analyzed the factors set forth in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020) (identifying factors to consider whether continued detention without a bond hearing is unreasonable: (1) duration of the detention; (2) whether the detention is likely to continue; (3) the reasons for the delay, but not holding an alien's good-faith challenge to his removal against him; and (4) whether the alien's conditions of confinement are meaningfully different from criminal punishment), and determined that Pavon Avelian's continued detention did not violate the constitution.

The pending petition (his third) was served on August 25, 2026 – just four days after the court's decision denying his second petition. The third petition does not acknowledge the court's decisions with respect to his first and second petitions. In the third petition, Pavon Avelian essentially reiterates his arguments that his detention has become unconstitutionally prolonged (ECF No. 7 at 6-7).

Discussion

Respondents argue that the third petition should be denied for the same reasons as the second petition. Respondents argue that the passage of a mere days does not meaningfully change the *German Santos* analysis (ECF No. 11 at 4). Respondents also note that Pavon Avelian has the right to seek a bond redetermination in the immigration court. *Id.*

The court agrees with Respondents. The court incorporates the reasoning set forth in its August 21, 2026 opinion:

> With respect to the first (and most important) *German Santos* factor, the duration of the detention, Pavon Avelian has been detained for approximately 8 months, since December 27, 2025 (ECF No. 1 at 2). Pavon Avelian is subject to a recent removal order to [Ecuador]. Detentions of much longer duration have been held to not offend the constitution where the removal process is proceeding and the government did not improperly delay it. *See Espinosa-Almonte v. Sabol*, No. 1:12-CV-2514, 2013 WL 3894861, at *10 (M.D. Pa. July 26, 2013) (detention pending removal for 21 months not excessive).
>
> Pavon Avelian received a constitutionally adequate bond hearing in April 2026, at which the immigration judge determined that Pavon Avelian poses a flight risk. The length of his detention since the individualized bond hearing is approximately four months. Pavon Avelian filed this second petition without acknowledging the relief this court granted in Civil No. 26-59 or the April 2026 bond hearing. Pavon Avelian did not appeal or seek reconsideration of that decision. This second petition implicates the cautionary comment in *Borbot* about "asking this Court to directly review the IJ's bond decision, a task Congress has expressly forbidden us from undertaking." *Borbot*, 906 F.3d at 279. The fact that Pavon Avelian recently received an individualized bond hearing, although perhaps not mooting the second petition, weighs in favor of Respondents.
>
> The second and third factors are neutral. The second factor, whether the detention is likely to continue, is unknown because neither party provided any information about the status of Pavon Avelian's removal proceedings. In accordance with the third factor, any delay resulting from Pavon Avelian's good-faith challenge to his removal will not be held against him. Pavon Avelian did not produce any evidence that Respondents are causing delay.
>
> With respect to the fourth factor, Pavon Avelian is being detained at Moshannon. There are certainly aspects of the conditions at Moshannon that resemble criminal detention (i.e., he is not free to leave, *see Fadel*), but there are also aspects of Pavon Avelian 's conditions of confinement that are meaningfully

> different from criminal punishment. Primarily, unlike the petitioner in *German Santos*, Pavon Avelian is not being held in a prison alongside convicted criminals. *See German Santos*, 965 F.3d at 212-13. As in *Fadel*, the parties in this case have not submitted evidence concerning Petitioner's specific conditions of confinement at Moshannon. *Fadel*, 2026 WL 1649901 at *4.

Civil No. 26-1365, ECF No. 6 at 4-6.

Upon reweighing the *German Santos* factors, the court concludes that on this record, Pavon Avelian again failed to meet his burden to demonstrate that his continued detention rises to a constitutional violation at this time. To repeat, only a few days have passed since the court's prior opinion. The petition will be denied without prejudice to Pavon Avelian's ability to seek relief at a later time and with more robust evidence about the application of the *German Santos* factors to his personal situation.

Conclusion

For the reasons set forth above, the third petition for habeas relief (ECF No.7) will be denied. The motion to appoint counsel (ECF No. 10) will be denied as moot.

An appropriate order follows.

Dated: October 6, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge